UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMESON BEACH PROPERTY OWNERS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | No. 2:13-cv-01025-MCE-AC<br><br><br>**MEMORANDUM AND ORDER** |

On May 22, 2013, Plaintiffs Jameson Beach Property Owners Association ("Owners Association"), Gene Landon and Helen Nicolaides (collectively, "Plaintiffs") filed the instant action against various defendants, including federal, state and local government entities, for allegedly using Plaintiffs' real property without compensation and in a hazardous manner that exposes Plaintiffs to significant liability. Defendants United States Forest Service and Nancy Gibson (hereafter the "Forest Supervisor") (collectively, "Federal Defendants") and El Dorado County ("El Dorado") moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. See ECF Nos. 10-11, 29. For the following reasons, Defendants' Motions are GRANTED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g). See ECF No. 70.

**BACKGROUND**

The Owners Association was formed as an entity serving all Jameson Beach owners of real property in the Jameson Beach Subdivision Tract ("Owners").[2] Compl., ECF No. 2. Plaintiffs Gene Landon and Helen Nicolaides are Owners. Id. Plaintiffs' Complaint alleges thirteen causes of action: (1) inverse condemnation, (2) deprivation of civil rights due to local government policy and custom; (3) act or ratification by official with final policy making authority in violation of constitutionality guaranteed rights; (4) violation of the equal protection clauses of the U.S. Constitution and the California Constitution; (5) violation of the due process clauses of the U.S. Constitution and the California Constitution; (6) private nuisance; (7) trespass; (8) public nuisance; (9) violation of California's unfair competition law; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; (12) unjust enrichment; and (13) negligence. Id. Plaintiffs also filed two motions for preliminary injunctions that have not yet been heard. ECF Nos. 38; 78.[3] Plaintiffs did not file an Opposition to El Dorado's Motion and failed to timely oppose the Federal Defendants' Motion. See L.R. 230; ECF Nos. 33, 73. For the following reasons, both motions are GRANTED.

///
///

---

[2] In their Reply, the Federal Defendants raise the issue of associational standing for the first time, alleging that Plaintiffs fail to allege any facts that would support a determination that the Owners Association has standing to assert any of the claims raised in this action. See ECF No. 57 at 6-7. Because the Court grants the motions to dismiss for lack of jurisdiction and for failure to state a claim, the Court declines to address this issue at this time. See, e.g., Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977) (outlining the three requirements for associational standing).

[3] Through their initial motion for a preliminary injunction, Plaintiffs seek to enjoin Defendants Camp Richardson Resort, LLC ("CRR") and the United States Forest Service from creating public and private nuisance. See ECF Nos. 38; 42. CRR and Plaintiffs appear to dispute whether that motion applies to CRR due to a dispute regarding service in this action. See ECF No. 78-1; see also ECF No. 22; Fed. R. Civ. P. 65(a)(1) (explaining that the Court may issue a preliminary injunction only on notice to the adverse party). On May 15, 2014, Plaintiffs filed a second motion for a preliminary injunction in which they seek to enjoin CRR and Defendant Kris Knox. See ECF Nos. 78; 79, 80 at 2. Both of Plaintiffs' Motions for Preliminary Injunctions in this matter are set for June 12, 2014. See ECF Nos. 77, 78. Opposition and Reply briefing is due as set forth in Local Rule 230.

# STANDARD

### A. Motion To Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(B)(6)[4]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

3

the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

B.   Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

4

594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings.  Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).  In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted).  The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its

///

burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### C. Leave to Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. El Dorado County's Motion to Dismiss

On June 24, 2013, Defendant El Dorado moved to dismiss the five causes of action alleged against it for failure to state a claim. Motion ("Mot."), ECF No. 10. This Motion was set to be heard on May 1, 2014. ECF No. 32. Pursuant to Local Rule 230(c), the opposition to a motion must be filed not less than fourteen (14) days prior to the date of the hearing. No opposition was filed as required and the matter was submitted without oral argument on April 29, 2014. ECF No. 70. The following day,

almost two weeks after Plaintiffs' Opposition was due, Plaintiffs filed an ex parte application requesting leave to file a late opposition. See ECF Nos. 70, 73. According to Plaintiffs, Defendants had agreed to stipulate that all of the pending motions in this matter would be set for hearing on May 15, 2014. ECF No. 73. However, even assuming counsel reached an informal agreement to stipulate to moving the hearing date, stipulations are not effective unless approved by the Court. See E.D. Cal. Local Rules 143(b), 230(f). No such stipulation or request was filed with the Court. Because Plaintiffs do not adequately explain why they failed to file a timely opposition or, at the very least, why they did not request leave to file a late opposition prior to April 30, 2014, Plaintiffs' Ex Parte Application, ECF No. 73, is DENIED. In light of the fact that no opposition was filed, El Dorado's Motion to Dismiss, ECF Nos. 10-11, is GRANTED with leave to amend.

### B. Federal Defendants' Motion to Dismiss

On March 13, 2014, the Federal Defendants moved to dismiss all of Plaintiffs' twelve claims against them for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 29.[5] That Motion is well taken.

#### 1. Plaintiffs' Claim for Inverse Condemnation (Claim One)

Plaintiffs allege that the United States Forest Service and El Dorado County are liable for inverse condemnation because they "have invaded, invade and cause others to invade, the Association Roadway by chalking the property for approximately 80 parking spaces, by directing resort-goers to park on the Association Roadway, by forcing pedestrians to walk on Association property amidst both driven and parked cars, thus invading the Association property in a tangible manner." ECF No. 2 at 13. Plaintiffs' Complaint does not specify the dollar amount sought for this alleged taking. The Federal Defendants therefore contend that this Court lacks jurisdiction over Plaintiffs' claim.

---

[5] Plaintiffs' opposition to that motion was also untimely. However, because it was only one day late, and because the Federal Defendants were nonetheless able to file a Reply, the Court declines to strike Plaintiffs' filing. See Reply, ECF No. 57. Plaintiffs are admonished that the Court will not be so generous going forward.

7

A party claiming inverse condemnation may, "[a]t any time within the six-year period following the taking of his property, he may institute a suit under the Tucker Act against the United States in the Court of Claims or in the United States District Court if the amount claimed does not exceed $10,000." United States v. 21.54 Acres of Land, More or Less, in Marshall Cnty., State of W. Va., 491 F.2d 301, 304 (4th Cir. 1973) (citing 28 U.S.C. §§ 1346, 1491, 2501).  Thus, claims against the United States not exceeding $10,000, may be brought either in a federal district court or in the Court of Federal Claims.  28 U.S.C. § 1346.  However, all other claims must be brought before the Court of Federal Claims.  Id.; 28 U.S.C. § 1491(a)(1).

In their Opposition, Plaintiffs acknowledge that their Complaint does "not pray for any specific amount of damages" and state that "Plaintiffs understand that pursuit of this matter in the U.S. District Court limits the amount of damages they may seek."  Opp'n, ECF No. 37.  Plaintiffs are correct that they may elect to proceed in a federal district court by waiving their right to recover an amount greater than $10,000.  See Stone v. United States, 683 F.2d 449, 451 (D.C. Cir. 1982) (citing United States v. Johnson, 153 F.2d 846, 848 (9th Cir. 1946)).  However, "for a plaintiff to satisfy his burden of establishing a district court's subject-matter jurisdiction . . . , he must plead a dollar amount in damages, and that amount must not exceed $10,000."  Anderson v. Gates, CV 12-1243 (JDB), 2013 WL 6355385 at *9 (D.D.C. Dec. 6, 2013); see Stone, 683 F.2d at 454 (noting that the complaint should "waive[] any claim to net recovery exceeding $10,000").  Thus, Plaintiffs' claim for inverse condemnation against the Federal Defendants is DISMISSED without prejudice for lack of jurisdiction to allow Plaintiffs the opportunity to conform their pleadings to their purported waiver.[6]

---

[6] Alternatively, Plaintiffs may file a motion to transfer.  The circumstances under which this Court may transfer an action over which it does not have jurisdiction to another court are delineated in 28 U.S.C. § 1631.  See United States v. 255.21 Acres in Anne Arundel Cnty., Md., 722 F. Supp. 235, 241-42 (D. Md. 1989) (explaining that if a district court "finds that (1) the claim could have been brought in the [U.S. Court of Federal Claims] and (2) a transfer were in the interest of justice, it can transfer the [claim] to [that] Court under § 1631").  However, the "Circuits are split regarding whether the language of 28 U.S.C. § 1631 permits federal courts to partially transfer an action."  Johnson v. Mitchell, 2:10-CV-1968 GEB GGH, 2012 WL 2446098 at *6 (E.D. Cal. June 26, 2012).  While the Ninth Circuit has not squarely addressed the issue, at least one Court in this District has concluded that, under certain circumstances, the Ninth Circuit

**2. Plaintiffs' Section 1983 Claims (Claims Two through Five)**

The Federal Defendants also move to dismiss Plaintiffs' four 42 U.S.C. § 1983 claims alleging violations of their constitutional rights. Specifically, the Federal Defendants contend that Plaintiffs' claims fail because Section 1983 only imposes liability on individuals who act under color of state law, and it provides no right of action against federal officials or federal agencies. Plaintiffs did not oppose the Federal Defendants' motion as to the four Section 1983 causes of action. See ECF No. 37 at 7. Plaintiffs' Section 1983 claims against the Federal Defendants are therefore DISMISSED without leave to amend.

**3. Plaintiffs' Tort Claims (Claims Six through Twelve)**

Plaintiffs also allege six tort claims against the Forest Supervisor in her official capacity: private nuisance, trespass, public nuisance, violation of California's unfair competition law, intentional infliction of emotional distress, negligent infliction of emotional distress, and unjust enrichment. According to the Federal Defendants, Plaintiffs' failure to exhaust its tort claims by not presenting an administrative claim prior to filing suit, as required under the Federal Tort Claims Act ("FTCA"), deprives the Court of jurisdiction.

Although the FTCA waives the sovereign immunity of the United States for actions in tort, it requires "that before [a party] can file an action against the United States in district court, [it] must seek an administrative resolution of [its] claim." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). The Ninth Circuit "[has] repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Courts may not "proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." Id. "With regard to the exhaustion requirement, the Supreme Court has stated that 'in the long run, experience teaches that

---

has "implicitly recognized that a portion of a case could be transferred." Id. at *6-7 (internal citations omitted).

1  strict adherence to the procedural requirements specified by the legislature is the best
2  guarantee of even-handed administration of the law.'" Id. (citing McNeil v. United States,
3  508 U.S. 106, 113 (1993)).

4        Plaintiffs' Complaint alleges that "Plaintiffs have exhausted any and all necessary
5  available administrative remedies," but Plaintiffs do not contest the Federal Defendants'
6  assertion that Plaintiffs filed an administrative tort claim with the Forest Service only after
7  they filed this lawsuit.  Compl., ECF No. 2 at 2; see Mot., ECF No. 29-1 at 8; ECF No.
8  29-2 (showing that Plaintiffs' Administrative Tort Claim Forms are dated May 29, 2013
9  and stamped received by Claims Management on June 11, 2013).  Instead, Plaintiffs
10 argue that "to the extent Plaintiffs seek only injunctive relief and/or Declaratory Relief" for
11 its public or private nuisance claims, it need not file an administrative claim because
12 "Defendants['] conduct is an ongoing harm, dismissal of the claim will simply result in a
13 waste of judicial resources" because "[Plaintiffs] will simply refile the lawsuit."  Opp'n,
14 ECF No. 37 at 7-8.[7]  However, Plaintiffs cite no authority to support the proposition that
15 they need not follow the FTCA's exhaustion requirements for ongoing nuisance claims.
16 Cf. Bartleson v. United States, 96 F.3d 1270, 1274 (9th Cir. 1996) (allowing plaintiffs to
17 proceed on a permanent nuisance theory based on California law after filing
18 administrative complaints under the FTCA).  Moreover, in McNeil, the Supreme Court
19 rejected a similar argument stating that "Congress intended to require complete
20 exhaustion of Executive remedies before invocation of the judicial process. Every
21 premature filing of an action under the FTCA imposes some burden on the judicial
22 system." 508 U.S. at 112-3 (emphasis added).  Therefore, "i[f] the claimant is permitted
23 to bring suit prematurely and simply amend his complaint after denial of the
24 administrative claim, the exhaustion requirement would be rendered meaningless."

---

[7] Although Plaintiffs appear to be seeking injunctive and declaratory relief against the Federal Defendants on their tort claims, they fail to explain how they may do so.  "The only relief provided for in the [FTCA] is 'money damages.'"  Westbay Steel, Inc. v. United States, 970 F.2d 648, 651 (9th Cir. 1992) (citing Talbert v. United States, 932 F.2d 1064, 1065–66 (4th Cir.1991); see Moon v. Takisaki, 501 F.2d 389, 390 (9th Cir.1974) ("The [FTCA] makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief.").

10

Sparrow v. U.S. Postal Serv., 825 F. Supp. 252, 255 (E.D. Cal. 1993).  "Because § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, [Plaintiffs' tort claims against the Federal Defendants] cannot be cured through amendment, but instead, [Plaintiffs] must file a new suit."  Id. (emphasis added).  Plaintiffs' tort claims against the Federal Defendants are DISMISSED without leave to amend.[8]

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Defendant El Dorado's Motion to Dismiss, ECF Nos. 10-11, is GRANTED with leave to amend.

2. The Federal Defendants' Motion to Dismiss, ECF No. 29, is GRANTED with leave to amend as to Plaintiffs' claim for inverse condemnation and GRANTED without leave to amend as to all other claims.

3. Plaintiffs may (but are not required to) file an amended complaint, not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  In the alternative, Plaintiffs may (but are not required to) file a motion for transfer to the U.S. Court of Federal Claims pursuant to 28 U.S.C. § 1631, not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If Plaintiffs do not file either an amended complaint or a motion to transfer within said twenty (20)-day

///

---

[8] The Federal Defendants also object to Plaintiffs' tort claims contending that they are "at base claims to recover for the taking of property claimed to be owned by the Plaintiffs, which must be litigated as an inverse condemnation claim in the United States Court of Federal Claims."  Mot., ECF No. 29-1 at 9-10.  The Ninth Circuit has "previously rejected litigants' attempts to recharacterize takings claims as tort claims."  Chuidian v. Philippine Nat. Bank, 912 F.2d 1095, 1105 (9th Cir. 1990) abrogated on other grounds by Samantar v. Yousuf, 560 U.S. 305 (2010); see Myers v. United States, 323 F.2d 580, 583 (9th Cir. 1963); Matsuo v. United States, 416 F. Supp. 2d 982, 989 (D. Haw. 2006).  "The few courts which have considered the interface between taking claims under the Tucker Act and FTCA actions have ruled that a plaintiff cannot recover under both theories. . . While certain factual situations might give rise to both tort claims and taking claims, Congress did not intend that such claims be cognizable under both the Tucker Act and the FTCA."  Clark v. United States, 19 Cl. Ct. 220, 225 (1990).  However, because Plaintiffs' inverse condemnation and tort claims against the Federal Defendants are dismissed for lack of jurisdiction, the Court need not reach this issue.

11

period, without further notice, all of the claims dismissed pursuant to this Order will be dismissed with prejudice.

    3.    Plaintiffs' Motion for a Preliminary Injunction, ECF No. 38, as to the Forest Supervisor only is DENIED without prejudice as moot.

    IT IS SO ORDERED.

Dated: May 21, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT