1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JAMESON BEACH PROPERTY                    No.  2:13-cv-01025-MCE-AC
     OWNERS ASSOCIATION, et al.,
12
              Plaintiff,
13                                             **MEMORANDUM AND ORDER**
         v.
14
     UNITED STATES, et al.,
15
              Defendants.
16

17

18        On May 22, 2013, Plaintiffs Jameson Beach Property Owners Association

19   ("Owners Association"), Gene Landon and Helen Nicolaides (collectively, "Plaintiffs")

20   filed the instant action against various defendants, including federal, state, and local

21   government entities, for allegedly using Plaintiffs' real property without compensation

22   and in a hazardous manner that exposes Plaintiffs to significant liability.  Plaintiffs filed a

23   First Amended Complain ("FAC") on July 24, 2014, alleging additional causes of action

24   against defendants, and added Ronald Saxon as an individual plaintiff.  On August 4,

25   2014, Defendants Camp Richardson Resort, Inc. ("CRR"), Robert Hassett, Tammy

26   Hassett, and Kris Knox (collectively "CRR Defendants") moved to strike portions of and

27   to dismiss Plaintiffs' FAC.  See ECF No. 138.  On August 5, 2014, Defendant United

28   States Forest Service ("USFS") moved to strike the claims against it in Plaintiffs' FAC.

                                        1

See ECF No. 139.  On August 11, 2014, Defendant El Dorado County ("El Dorado")

moved to strike portions of and to dismiss Plaintiffs' FAC.  See ECF No. 142.  For the

following reasons, the USFS's Motion to Strike (ECF No. 139) is GRANTED, and El

Dorado and CRR Defendants' Motions (ECF Nos. 142, 138) are GRANTED in part and

DENIED in part.[1]


**BACKGROUND[2]**


        The Owners Association was formed as an entity serving all owners of real

property located in the Jameson Beach Subdivision Tract ("Owners").  Plaintiffs Gene

Landon, Helen Nicolaides, and Ronald Saxon are Owners.  Plaintiffs Owners

Association, Gene Landon, and Helen Nicolaides filed their initial complaint against all

Defendants on May 22, 2013.  ECF No. 2.

        On June 24, 2013, Defendant El Dorado moved to dismiss the five causes of

action against it for failure to state a claim.  ECF No. 10.  Plaintiffs failed to timely oppose

El Dorado's motion, which was granted with leave to amend.  See ECF No. 83.

        On March 13, 2014, the Federal Defendants[3] moved to dismiss all of Plaintiffs'

claims against them for lack of subject matter jurisdiction and for failure to state a claim.

ECF No. 29.  The Federal Defendants' motion to dismiss was granted with leave to

amend as to Plaintiffs' claim for inverse condemnation, and granted without leave to

amend as to all other claims.  ECF No. 83 at 11.

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

[2] Because the parties are familiar with the background of this case, this section recites only a general overview of the facts, as well as additional facts alleged in the FAC, which are relevant to the Court's disposition of the Motions.  These facts are taken, at times verbatim, from the FAC (ECF No. 136) unless otherwise noted.  Additional facts may be found in the Court's previous Orders (ECF Nos. 83, 158).

[3] Plaintiffs' initial Complaint named Nancy Gibson and the USFS as Defendants.  See ECF No. 2. These parties were collectively referred to as the "Federal Defendants."  Although Plaintiffs refer to Gibson as "Defendant Gibson" within their FAC, Nancy Gibson is not listed in the caption as a Defendant nor listed as a party to any of Plaintiffs' fifteen claims.  See generally FAC, ECF No. 136.

1    Plaintiffs timely filed their FAC on July 24, 2014.  As indicated above, the FAC

2  includes Ronald Saxon as a new Plaintiff, and alleges fifteen causes of action: (1) quiet

3  title against the USFS; (2) quiet title against other Defendants; (3) interference with

4  easement; (4) partition; (5) ejectment; (6) inverse condemnation; (7) trespass; (8) unfair

5  competition; (9) public nuisance; (10) private nuisance; (11) intentional infliction of

6  emotional distress; (12) negligent infliction of emotional distress; (13) unjust enrichment;

7  (14) negligence; and (15) violation of the Freedom of Information Act ("FOIA").  Plaintiffs

8  allege that jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346

9  "because the United States is a Defendant and this action arises under the laws of the

10  United States."

11    On August 4, 2014, the CRR Defendants moved to strike portions of and to

12  dismiss Plaintiffs' FAC, pursuant to Federal Rules of Civil Procedure[4] 12(b)(1), 12(b)(6),

13  and 12(f).[5]  ECF No. 138.  On August 5, 2014, the USFS moved to strike the claims

14  against it in Plaintiffs' FAC, pursuant to Rule 12(f).  ECF No. 139.  On August 11, 2014,

15  El Dorado moved to strike portions of and to dismiss Plaintiffs' FAC, pursuant to Rules

16  12(b)(6), 12(b)(1), and 12(f).  ECF No. 142.  All three motions are currently pending

17  before the Court.

18

19                                    **STANDARD**

20

21    **A.    Rule 12(b)(6)**

22    On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

23  allegations of material fact must be accepted as true and construed in the light most

24  favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38

25    ———————————

26    [4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

27    [5] The CRR Defendants did not move to dismiss or otherwise respond to Plaintiffs' initial Complaint due to a dispute regarding whether these Defendants were properly served prior to May 9, 2014.  See

28  ECF Nos. 86, 158 at 5 n.5.  Thus, the Court's May 22, 2014, Order did not address Plaintiffs' claims against the CRR Defendants.

1   (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim

2   showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

3   what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly,

4   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A

5   complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual

6   allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to

7   relief requires more than labels and conclusions, and a formulaic recitation of the

8   elements of a cause of action will not do."  Id. (internal citations and quotations omitted).

9   A court is not required to accept as true a "legal conclusion couched as a factual

10   allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S.

11   at 555).  "Factual allegations must be enough to raise a right to relief above the

12   speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R.

13   Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading

14   must contain something more than "a statement of facts that merely creates a suspicion

15   [of] a legally cognizable right of action.")).

16      **B.      Rule 12(b)(1)**

17      Federal courts are courts of limited jurisdiction, and are presumptively without

18   jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

19   377 (1994).  The burden of establishing the contrary rests upon the party asserting

20   jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a

21   case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630

22   (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at

23   any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1).

24   Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating

25   Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).  Lack of subject

26   matter jurisdiction may also be raised by the district court sua sponte.  Ruhrgas AG v.

27   Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an independent

28   obligation to determine whether subject matter jurisdiction exists, even in the absence of

4

1  a challenge from any party."  Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to

2  dismiss the action if subject matter jurisdiction is lacking).

3  **C.    Rule 12(f)**

4      The Court may strike "from any pleading any insufficient defense or any

5  redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he

6  function of a 12(f) motion to strike is to avoid the expenditure of time and money that

7  must arise from litigating spurious issues by dispensing with those issues prior to trial...."

8  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial

9  matter is that which has no essential or important relationship to the claim for relief or the

10  defenses being pleaded.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993),

11  rev'd on other grounds 510 U.S. 517 (1994) (internal citations and quotations omitted).

12  Impertinent matter consists of statements that do not pertain, and are not necessary, to

13  the issues in question.  Id.

14  **D.    Leave to Amend**

15      A court granting a motion to dismiss a complaint must then decide whether to

16  grant leave to amend.  Leave to amend should be "freely given" where there is no

17  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

18  to the opposing party by virtue of allowance of the amendment, [or] futility of the

19  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

20  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

21  be considered when deciding whether to grant leave to amend).  Not all of these factors

22  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

23  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

24  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

25  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

26  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

27  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

28  ///

1  1989) ("Leave need not be granted where the amendment of the complaint . . .

2  constitutes an exercise in futility . . . .")).

3

4  **ANALYSIS**

5

6  ### A.    USFS's Motion to Strike

7  The Court's May 22, 2014, Order (ECF No. 83) dismissed all of Plaintiffs' claims

8  against El Dorado with leave to amend.  That Order also dismissed all of Plaintiffs'

9  claims against the Federal Defendants, but it only granted Plaintiffs leave to amend with

10  respect to a single claim for inverse condemnation.  See ECF No. 83 at 11.[6]  The USFS

11  now moves to strike all claims asserted against them in Plaintiffs' FAC.  Specifically, the

12  USFS argues that because the Court's May 22, 2014, Order only gave Plaintiffs leave to

13  amend their inverse condemnation claim against Federal Defendants, Plaintiffs were not

14  permitted to add any new claims against the Federal Defendants in their FAC, without

15  seeking leave to amend.  See ECF No. 139 at 2.

16  Under Rule 15, a party may amend his or her pleading "once as a matter of

17  course [and] . . . by leave of court . . . and leave shall be freely given when justice so

18  requires."  Fed. R. Civ. P. 15(a).  District Courts in this circuit generally allow plaintiffs to

19  add new claims and/or parties to an amended complaint where a prior order of dismissal

20  granted leave to amend without limitation.  See, e.g., Katz v. Cal-W. Reconveyance

21  Corp., 09-CV-04866-LHK, 2010 WL 3768049 (N.D. Cal. Sept. 21, 2010).  On the other

22  hand, where a prior court order granted limited leave to amend, District Courts in this

23  circuit generally strike new claims or parties contained in an amended complaint when

24  the plaintiff did not seek leave to amend.  See, e.g., Benton v. Baker Hughes,

25  CV-12-07735-MMM, 2013 WL 3353636 (C.D. Cal. June 30, 2013); Crane v. Yarborough,

26

27  [6] Plaintiffs did not renew or move to transfer their inverse condemnation claim against the Federal Defendants within the time permitted.  Therefore, pursuant to the terms of the Court's prior orders (ECF Nos. 83, 89), Plaintiffs' inverse condemnation claim against the Federal Defendants is DISMISSED with prejudice.

28

6

1   CV 05-8534-DSF, 2012 WL 1067956 (C.D. Cal. Mar. 29, 2012).  Thus, whether a district

2   court will accept new claims and/or parties in an amended complaint after a motion to

3   dismiss will depend on whether the plaintiff was granted leave to amend with or without

4   limitation.  Urista v. Bank of America, N.A., C11-03097-HRL, 2012 WL 10596, at *3 (N.D.

5   Cal. Jan. 3, 2012).  In all of these cases, courts looked at the specific language of the

6   prior order to determine whether or not leave to amend was granted without limitation.

7        When the language of an order clearly states that a plaintiff may only amend to

8   address certain deficiencies identified in the order, courts have held that a plaintiff is

9   barred from adding new claims or parties.  For example, in Benton v. Baker Hughes, the

10   court found that the order did not grant plaintiff leave to add new claims when the order

11   stated that plaintiff "may file an amended complaint addressing the deficiencies identified

12   herein."  2013 WL 3353636, at *3.  In DeLeon v. Wells Fargo Bank, N.A., the court

13   similarly found that the plaintiff was not allowed to add new claims to the complaint when

14   its previous order dismissed six claims without leave to amend, and granted leave to

15   amend with respect to certain claims to give the plaintiff an opportunity to allege more

16   facts.  2010 WL 4285006, *3 (N.D. Cal. Oct. 22, 2010).

17        Here, with respect to the USFS's Motion to Strike, Benton and DeLeon are

18   analogous.  In this Court's previous Order, the Court granted the Federal Defendants'

19   motion "with leave to amend as to Plaintiffs' claim for inverse condemnation and . . .

20   without leave to amend as to all other claims."  ECF No. 83 at 11.  Within the Order itself,

21   the Court specifically identified the deficiency to be cured with respect to the inverse

22   condemnation claim when it stated that Plaintiff must plead a dollar amount in damages

23   not exceeding $10,000.  See ECF No. 83 at 8.  As in Benton and DeLeon, the Court was

24   specific about the purpose of the limited leave granted, as opposed to granting leave to

25   amend without limitation.  For that reason, the Court GRANTS the USFS's Motion to

26   Strike and DISMISSES without prejudice Plaintiffs' claims against it.

27   ///

28   ///

1  Because the Court strikes all of Plaintiffs' claims against the USFS and there are no

2  other claims alleged by Plaintiffs over which the Court may exercise jurisdiction, the

3  Court finds that it no longer has subject matter jurisdiction over this action.

4         **B.**    **CRR Defendants' and El Dorado's Motions**

5        The CRR Defendants and El Dorado moved to dismiss the FAC for lack of subject

6  matter jurisdiction under Rule 12(b)(1).  See ECF Nos. 138, 142.  To the extent that CRR

7  Defendants' and El Dorado's Rule 12(b)(1) motions are based on the grounds that no

8  federal claims or federal defendants  properly remain in the FAC, for the reasons

9  discussed above, those motions are GRANTED.

10        Defendant El Dorado also moved to strike all new claims against it in the FAC,

11  and also to strike Ronald Saxon as a plaintiff, on the grounds that Plaintiffs exceeded the

12  scope of the Court's May 22, 2014, Order in adding new claims against it and a new

13  Plaintiff, without seeking leave of court.[7]  See ECF No. 142 at 2.  In their motion, the

14  CRR Defendants similarly argue that Plaintiffs exceeded the scope of the previous Order

15  by adding new claims and a new party.  See ECF No. 138 at 2.

16        Because the Court finds that it is without jurisdiction over this matter, it declines to

17  reach these motions to strike, which are DENIED without prejudice.[8]  For the same

18  reasons, these Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) are DENIED

19  without prejudice to being renewed should Plaintiff file a Second Amended Complaint as

20  permitted below.  Finally, the CRR Defendants also moved to dismiss the FAC pursuant

21  to Rule 12(b)(1) on grounds that Plaintiffs cannot show associational standing.  Because

22  the Court lacks subject matter jurisdiction over this action, the Court declines to reach

23  the issue of associational standing at this time and this request is also denied without

24  prejudice.

25         [7] USFS did not move to strike Ronald Saxon as a plaintiff.  Compare ECF No. 139 with ECF
26  Nos. 138, 142).

27         [8] Nonetheless, the Court questions whether these motions to strike are warranted given that, as
set forth above, district courts generally hold that it is proper for plaintiffs to add claims or a party when
leave to amend is granted without limitation, such as this Court did in its Order granting El Dorado's motion
28  (ECF No. 83 at 11).  See Katz, 2010 WL 3768049.

**CONCLUSION**

As set forth above, because Plaintiffs improperly added new claims against the USFS without seeking leave of court to do so, as required by Rule 15, the USFS's Motion to Strike (ECF No. 139) is GRANTED.  Plaintiffs' quiet title and FOIA claims against the USFS are therefore DISMISSED without prejudice.  Not later than twenty (20) days after the date this Memorandum and Order is filed electronically, Plaintiffs may (but are not required to) move to amend their Complaint pursuant to Rule 15 to add any claims and parties not included in their initial Complaint.  If Plaintiffs do not file a Second Amended Complaint ("SAC") containing claims over which the Court has jurisdiction, accompanied by a properly noticed Motion to Amend, within said twenty (20)-day period, Plaintiffs' quiet title and FOIA claims against the USFS will be dismissed with prejudice, resulting in the dismissal, without further notice, of Plaintiffs' FAC, in its entirety, for lack of subject matter jurisdiction.

In addition, as set forth above, the CRR Defendants and El Dorado's pending Motions (ECF Nos. 138, 142) are GRANTED to the extent that these parties contend that the Court lacks subject matter jurisdiction over this matter.  However, to the extent that the CRR Defendants and El Dorado moved to dismiss claims against them for failure to state a claim under Rule 12(b)(6), to strike claims against them, or to strike Plaintiff Ronald Saxon, these Motions (ECF Nos. 138, 142)  are DENIED without prejudice.  If Plaintiffs file a SAC as permitted above, the CRR Defendants and El Dorado may renew these objections in accordance with the Local Rules and the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  September 29, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT